IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CHARLES COLEMAN | § | |
| v. | § | CIVIL ACTION NO. 9:08cv132 |
| ANGELINA COUNTY 217TH DISTRICT COURT, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Charles Coleman, proceeding *pro se*, filed this civil action complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Coleman sued the 217th Judicial District Court of Angelina County, the TDCJ time credit calculation section, and the Texas Board of Pardons and Paroles. In his complaint, Coleman says that the 217th District Court of Angelina County waited four months to file the judgment form with the county clerk, which form had 70 days of time credits to send to TDCJ. He states that the time calculation section of TDCJ has not responded to a letter advising them of the mistake, nor has the Board of Pardons and Paroles. For relief, Coleman asks that the Court take the credited time off of his sentence and compensate him for time which he served over and above his sentence.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed with prejudice to their being asserted again until the pre-conditions set out in Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994), are met. In other words, the Magistrate Judge said, Coleman seeks to recover damages for an allegedly unlawful period of incarceration, but under Heck, he cannot do this until a determination is made that the period of incarceration of which he

1

complains - the time covered by the credits which he indicates were not properly applied to his sentence - was in fact unlawful. Furthermore, the Magistrate Judge said, to the extent that Coleman seeks to have this period of time applied to his sentence, he cannot do this through the vehicle of a civil rights lawsuit, but must seek this relief through habeas corpus, because the crediting of such time could affect the duration of his confinement or supervision by the State of Texas. *See* Johnson v. Pfeiffer, 821 F.2d 1120 (5th Cir. 1987); Jackson v. Torres, 720 F.2d 877 (5th Cir. 1983).

A copy of the Magistrate Judge's Report was sent to Coleman at his last known address, return receipt requested, but no objections have been filed; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this case and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's claims which implicate the validity of his conviction be and hereby are DISMISSED without prejudice until such time as Coleman can demonstrate that the period of incarceration of which he complains - the time covered by the credits which he indicates were not properly applied to his sentence - has been declared unlawful by a court of competent jurisdiction, expunged by executive order, or called into question through the issuance of a federal writ of habeas corpus. Clarke v. Stalder, 154 F.3d 186, 188 (5th Cir. 1998). The dismissal of this lawsuit shall not prevent the Plaintiff from challenging his conviction, sentence, or incarceration through any lawful means, including but not limited to state or federal applications for the writ of habeas corpus. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the **28** day of **October, 2008.**

_____
Thad Heartfield
United States District Judge